## Commonwealth v. Friedman

*Irving L. Epstein* and *John P. Mahon,* for petitioner.
*Frank J. McDonnell,* for respondent.

LEACH, P. J., May 28, 1947.—By agreement, defendant entered into an order for the support of an illegitimate child. Later the mother married, and the child was adopted by her husband and herself. The adoption proceedings did not reveal the fact that this defendant had supported the child at any time although he had taken care of expenses at the time of birth.

The mother testified that the adoption was made with his knowledge and with his promise that the court order should not be vacated.

Counsel for respondent cites Eckles v. Sharp (No. 2), 45 D. & C. 142, in which the natural father of a child had agreed to its adoption by the grandparents, and had also entered into a contract under seal that he would pay for its support. He was compelled to abide by his written agreement under seal. While the

agreement in this case was under the seal of the court, it was an order made under compulsion, and not a personal contract.

. The general theory of the adoption law is that the fact of an infant's ancestry can be kept from the infant entirely and he may never know that he has been taken from one parental stock and grafted upon another.

. In the present state of psychiatry, the theory is that any knowledge acquired by the child in later life is too great an emotional shock and to be avoided at all costs. Psychiatrists do not believe in the answer of the girl who was called a horrid "'dopted child". "I am just as good as you are" was the answer of the other. "I was carefully selected from a lot, but only look at you. Your father and your mother had to keep you if they wanted to or not."

While we may not approve of letting defendant out of any obligation he might have, the fact remains that had the orphans' court known that the theory was that the child should continue to be supported by defendant and with the right on the part of defendant to see that the child was cared for, the adoption would probably have been refused.

Many cases support the view that the child is transferred as to all legal rights from the former parents to the adopting parents. They may not be so much in point as decisive of property rights in this case, but they show the general trend of the law that the adopted child is to be entirely transferred from one family to another, and the solicitude of the court that this transfer shall be completed, without knowledge of the infant, and without interference of the original family.

Now, May 28, 1947, rule of defendant to suspend further payments on the order in the above case is made absolute.